CHARLES E. PITMAN *vs.* TREMONT NAIL COMPANY.

A writ, other than a trustee process, returnable before a police court, cannot be served by summoning the defendant named therein in another county than that in which it is returnable.

CONTRACT, by writ returnable before the police court of Fall River, in the county of Bristol, in favor of an inhabitant of that county, against " a corporation created by law, of Wareham, in the county of Plymouth." The officer's return upon the writ was as follows : " Plymouth, ss. October 12th 1860. By virtue of this writ, I this day at seven o'clock A. M. attached a chip as the property of the within named defendants, and afterwards on the same day I summoned the said defendants to appear and answer at court, as within directed, by giving a summons in hand to Joshua B. Tobey, he being treasurer of said Tremont Nail Company. Milton Alden, Dep. Sheriff." The defendants filed a motion to dismiss the action, on the ground that " the plaintiff, at the time of the service of his writ upon the defendants, was an inhabitant of Somerset, in the county of Bristol ; and the defendant corporation had its place of business in Wareham, in the county of Plymouth ; and that said action was brought and heard before the police court of the city of Fall River, in the county of Bristol, which court had no jurisdiction of said action, but it should have been brought before a justice or police court within the county of Plymouth, where the defendant corporation has its place of business." This motion was overruled in the police court, and, after a trial on the merits, judgment was rendered for the plaintiff, from which the defendants appealed. In the superior court, *Rockwell*, J. allowed the motion to dismiss, and the plaintiff appealed to this court.

*J. C. Blaisdell*, for the plaintiff.

*T. Weston, Jr.*, for the defendants.

BIGELOW, C. J. We are of opinion that the police court of the city of Fall River could not properly take cognizance of this case, and that the motion to dismiss the action, which was duly

made before that court, should have been allowed.    Under Gen. Sts. *c.* 116, § 10, police courts can exercise no greater powers in their respective counties than justices of the peace.    By Gen. Sts. *c.* 120, defining the jurisdiction and authority of justices of the peace, it is enacted in §§ 6 and 7 that no writ other than a trustee process, issued by a justice of the peace, shall run into any other county than that in which it is returnable, except for the purpose of causing an attachment of property therein.    By the officer's return in the present case, it appears that there was only a nominal attachment, and that no service was made on the defendants except by a summons served upon them by a deputy sheriff of the county of Plymouth.    This service was wholly unauthorized by law.    The court had no power to direct an officer in another county than Bristol to summon the defendants before them.    The service was a nullity, and gave to the court no right or authority to take cognizance of the case.

So far as the motion to dismiss for the want of jurisdiction proceeded on the ground that the defendants had no place of business in the county of Bristol, but only in the county of Plymouth, it could not be maintained, because it was based on a matter of fact which did not appear on the face of the writ, and could only be availed of by a plea in abatement setting forth the facts. But the motion seems to us to be broad enough in its terms to include the defective service.    On this ground, therefore, we think the police court ought not to have required the defendants to answer to the merits, and that the order must be,

                                        *Action dismissed.*